GEORGE R. JENKING v. GIL. R. OSMUN, SECRETARY OF
STATE.

*Constitutional law—Manufacturing corporations—Act No. 232, Laws
of 1885, constitutional.*

Act No. 232, Laws of 1885, in so far as it authorizes the formation
of corporations for manufacturing, or mercantile purposes, or
any union of the two, is valid legislation, and any corporation
organized under it can be created for *all* of its purposes.

*Mandamus.* Submitted January 22, 1890. Denied January 24, 1890.

Relator applied for *mandamus* to compel the filing of
articles of association under Act No. 187, Laws of 1875.
The facts are stated in the opinion.

*Edwin F. Conely,* for relator.

CHAMPLIN, C. J. The relator sets forth in his petition for a *mandamus* that he is the president of the
Detroit Office Device Company, a corporation duly organized on January 14, 1890, under the provisions of Act
No. 187, Laws of 1875, entitled "An act for the incorporation of manufacturing companies;" that on January
15, 1890, he, in compliance with the statutes of this
State, as president, forwarded the original articles of
association to the Honorable Gil. R. Osmun, Secretary of
State, for record in his office, and that the Secretary
refuses to receive or record said articles in his office, and
has returned the same to the relator; that the corporation cannot commence business until such articles are
recorded in the office of the Secretary of State; and

79 MICH.—20.

prays that a *mandamus* issue to the Secretary of State to compel him to record such articles.

The Legislature, by Act No. 232, Laws of 1885, revised the laws providing for the incorporation of all manufacturing companies except those engaged in the manufacture of salt, and of mercantile companies, or of any union of the two, and fixed the duties and liabilities of such corporations. By section 1 of this act, any number of persons, not less than three, desiring to become incorporated for the purpose of carrying on any manufacturing or mercantile business, or any union of the two, are, upon complying with the provisions of the act, authorized to incorporate. By section 36, Act No. 187, Laws of 1875, is repealed.

It is claimed in behalf of relator that inasmuch as the amendment to the act of 1875 passed by the Legislature in 1881 was declared inoperative and void by this Court in *Eaton v. Walker*, 76 Mich. 579 (43 N. W. Rep. 638), the act of 1885 revising the laws for the incorporation of manufacturing and mercantile associations is also void and inoperative. But this result does not follow. We think the act of 1885, so far as it authorizes the formation of corporations for manufacturing or mercantile purposes, or any union of the two, is valid legislation. It is not open to the objection that the title embraces more than one object. Any corporation created under this law can be created for all of its purposes. It is common knowledge that in this State, since 1855, all of our mining and manufacturing corporations were organized under an act the title of which authorized incorporating for mining and manufacturing purposes.

The act of 1885 being the only act now in force authorizing the formation of corporations for manufacturing and mercantile purposes, the Secretary of State was

right in refusing to record the articles of association, which purported to be organized under the act of 1875, which had been repealed.

The other Justices concurred.